# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GEORGE S. NICHOLS,** )  )  **Plaintiff,** )  ) | |
| v.                                                                 ) | Case No. 06-CV-0688-CVE-PJC |
| **FRANK CANTEY, Sheriff of Mayes County;**)  **ANDREA MATHIS, Jail Administrator;**   )  **CINDY McGUIRE, Jailer,**                          )  )  **Defendants.**                                         ) | |

## OPINION AND ORDER
## GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
## AND DISMISSING COMPLAINT

On December 20, 2006, Plaintiff, a prisoner appearing *pro se*, filed a civil rights complaint (Dkt. # 1) and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff cites 42 U.S.C. § 1983 as the basis for this Court's jurisdiction. For the reasons discussed below, the Court finds Plaintiff's motion for leave to proceed *in forma pauperis* shall be granted and Plaintiff shall be required to make a partial filing fee payment. In addition, the complaint shall be dismissed without prejudice since the only relief sought by Plaintiff has been rendered moot.

**A. Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that at the time he filed the complaint, Plaintiff was without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, because Petitioner was in custody at the Mayes County Jail when he filed his complaint, he is subject to the payment provisions of the Prison

Litigation Reform Act ("PLRA"). Therefore, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to make a partial filing fee payment of **$4.25** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the period immediately preceding the filing of the complaint. 28 U.S.C. §1915(b). As discussed below, Plaintiff has been released and is no longer in custody at the Mayes County Jail. As a result, no periodic fee payments will be ordered. See 28 U.S.C. § 1915(b); In re Smith, 114 F.3d 1247 (D.C. Cir. 1997) (prisoner who is released during pendency of action covered by Prison Litigation Reform Act is responsible for those partial payments of filing fees that accrued prior to release).

**B.  Complaint shall be dismissed**

At the time Plaintiff filed his complaint, he was incarcerated at the Mayes County Jail. On December 22, 2006, Plaintiff filed a notice of change of address advising the Court that he had been released from the Mayes County Jail. See Dkt. # 3. In his complaint, Plaintiff describes the background of his case as "Cruel and Unusual Punishment, Denial of Medical Care, Tampering with US Mail, and Hazardous Living Conditions." (Dkt. # 1). He identifies four (4) claims as follows: (1) "cruel and unusual punishment -- being forced to live in hazardous and unsafe conditions," (2) "denial of medical care and medications or care from a physician, denial of medications," (3) "violation of privacy 4th Amendment -- tampering with the US mail," and (4) inadequate meals. (Id.) In his request for relief, Plaintiff asks only "that all these issues be addressed and corrected that inmates not be forced to live in these hazardous conditions, while they are being corrected and that all inmates be afforded to do his or her time without fear, harassment, intimidation, or sickness." (Id.)

### 1. Dismissal standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); see also § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### 2. Plaintiff's request for injunctive relief is moot

As indicated above, Plaintiff's only request for relief is that corrective action be taken at the Mayes County Jail. However, Plaintiff has provided notice to the Court that since the filing of his complaint, he has been released from the Mayes County Jail. Because he is no longer housed at the Mayes County Jail, Plaintiff has no present interest affected by the allegedly unconstitutional conditions of confinement at the Mayes County Jail and he has no legitimate claims for declaratory or injunctive relief. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir.1997) (concluding that a prisoner's transfer or release from a jail moots his claims for declaratory relief). Therefore, the Court finds Plaintiff's request for various forms of injunctive relief has been rendered moot. See id.; Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Murphy v. Hunt, 455 U.S. 478, 481 (1982).

The complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff shall make a partial payment of **$4.25**.

2. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED** this 3rd day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT